UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRED CHISOM,

          Plaintiff,

    v.

JANE AND JOHN DOE,

          Defendants.

Case No.  C04-5588RBL

ORDER TO CURE DEFICIENT AMENDED COMPLAINT

    This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis* and the submission of an amended complaint for service.  The Court, having reviewed the record finds the following deficiencies:

    1. Plaintiff's complaint is deficient.  Plaintiff names Jane and John Doe defendants, as previously suggested by the court, due to his inability to know or learn the names of prison mailroom staff without formal discovery.  However, the Amended Complaint fails to show how either Jane or John Doe personally participated in an alleged deprivation of plaintiff's civil or constitutional rights.

    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020

ORDER
Page - 1

1  (1986).  In addition, plaintiff must allege facts showing how individually named defendants caused or
2  personally participated in causing the harm alleged in the complaint.  <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355
3  (9th Cir. 1981).  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of
4  supervisory responsibility or position.  <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658,
5  694 n.58 (1978).  A theory of *respondeat superior* is not sufficient to state a § 1983 claim.  <u>Padway v.
6  Palches</u>, 665 F.2d 965 (9th Cir. 1982).

7    An unauthorized intentional deprivation of property by a state employee does not constitute a
8  violation of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available
9  under state law.  <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984).  The State of Washington provides a meaningful
10 post-deprivation remedy for the intentional or negligent loss of property by state agents and employees.
11 <u>Jeffries v. Reed</u>, 631 F. Supp. 1212, 1216 (E.D. Wash. 1986).  Here plaintiff's complaint appears to merely
12 allege a deprivation of property and he names certain individuals as defendants who appear to have been
13 acting in a supervisory role.

14   Plaintiff's allegations regarding his legal mail may be construed as a access to courts claim.  The
15 Supreme Court has held that prisoners have a constitutional right of meaningful access to the courts
16 premised on the Due Process Clause.  <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977).  Such access requires
17 prison authorities to "assist inmates in the preparation and filing of meaningful legal papers by providing
18 prisoners with adequate law libraries <u>or</u> adequate legal assistance from persons trained in the law."
19 <u>Bounds</u>, 430 U.S. at 828 (emphasis added); <u>Storseth v. Spellman</u>, 654 F.2d 1349, 1352 (9th Cir. 1981).

20   The Ninth Circuit has determined that "right of access" claims that do not allege inadequacy of the
21 law library or inadequate assistance from persons trained in the law, must allege an "actual injury" to court
22 access.  <u>Sands v. Lewis</u>, 886 F.2d 1166, 1171 (9th Cir. 1989).  An "actual injury" consists of some specific
23 instance in which an inmate was actually denied access to the courts.  <u>Id</u>.  Only if an actual injury is alleged
24 may plaintiff's claim survive.  <u>Id</u>.

25   Here, if plaintiff is claiming his personal property was withheld or taken from him, he has a state
26 court remedy available, and if he is alleging his right to access the courts is being hindered or denied,
27 plaintiff has not alleged or shown any actual injury to support the claim.

28   Accordingly, this court orders the following:

    (i) Plaintiff shall seek to cure these deficiencies by filing **an amended complaint by no later than October 18, 2005.** If plaintiff fails to cure these deficiencies this court will recommend dismissal of this matter.

    (ii) The Clerk is directed to send copies of this Order and the General Order to plaintiff.

DATED this 29th day of September, 2005.

                                        */s/ J. Kelley Arnold*
                                        J. Kelley Arnold
                                        United States Magistrate Judge