UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRED CHISOM, | Case No. C04-5588RBL |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| CLALLAM BAY CORRECTIONS MAIL ROOM, C/O JOHN AND JANE DOE, | Noted for November 25, 2005 |
| Defendants. | |

This matter comes before the court sua sponte after the initial review of the complaint, amended complaint and plaintiff's response to the court's order to cure certain deficiencies. For reasons set forth below, the undersigned recommends that plaintiff's action and complaint be dismissed as frivolous.

DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). A plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the

REPORT AND RECOMMENDATION
Page - 1

1  conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the
2  United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v.
3  Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if
4  both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert.*
5  *denied*, 478 U.S. 1020 (1986).  Section 1915(e) of the PLRA requires a district court to dismiss an in
6  forma pauperis complaint that fails to state a claim.  28 U.S.C. § 1915; Barren v. Harrington, 152 F.3d
7  1193, 1194 (9th Cir.1998).

8   Here, plaintiff's application to proceed *in forma pauperis* was approved and his § 1983 amended
9  complaint alleges his legal mail was properly submitted, but was rejected for no significant reason.  Plaintiff
10 has been given two opportunities to amend the complaint.   Most recently the court explained that the
11 complaint was deficient due to the lack of factual allegations showing how any individual personally
12 participated in the alleged deprivation and how the alleged rejection of his legal mail has caused any actual
13 injury to support an access to courts claim.  Plaintiff has responded to the court's order, making  broad
14 allegations that the rejection of his legal mail was racially motivated and retaliatory.  Plaintiff does not
15 make sufficient factual allegations to support his claims.

16  The Ninth Circuit has determined that "right of access" claims that do not allege inadequacy of the
17 law library or inadequate assistance from persons trained in the law, must allege an "actual injury" to court
18 access.  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  An "actual injury" consists of some specific
19 instance in which an inmate was actually denied access to the courts.  Id.  Only if an actual injury is alleged
20 may plaintiff's claim survive.  Id.  To state a 1983 claim based on retaliation, plaintiff must allege (1) the
21 type of activity engaged in was a protected right under the constitution; and (2) the State impermissibly
22 infringed on the right to engage in the protected activity.  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.
23 1985).  Plaintiff also must establish that the retaliatory act does not advance legitimate penological goals,
24 such as preserving institutional order and discipline.  Id.; Barnett v. Centoni, 31 F.2d 813, 816 (9th Cir.
25 1994).

26  Plaintiff's complaint, amended complaint, and response to the court's order do not provide
27 sufficient facts to support a constitutional claim.   In each instance the court directed plaintiff to cure
28 certain defects, and in response plaintiff has failed to cure those deficiencies and/or changed the basis of the

REPORT AND RECOMMENDATION
Page - 2

underlying claims.

## CONCLUSION

Because plaintiff fails to state a cognizable §1983 constitutional claim, the Court should DISMISS this case as frivolous.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 25, 2005**, as noted in the caption.

DATED this 31st day of October, 2005.

    */s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3